**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JEANETTE ZINSMEISTER,　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　)<br>vs.　　　　　　　　　　　　　　　)　　Case No. 2:21-cv-00031<br>　　　　　　　　　　　　　　　　)<br>WAL-MART, INC. and　　　　　　)<br>GENERAL ELECTRIC COMPANY,　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　)<br>　　　　　　　　　　　　　　　　)　　*ATTORNEYS LIEN CLAIMED* | |

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Jeanette Zinsmeister, and for her causes of action against the Defendants, alleges and states as follows:

### THE PARTIES

1. The Plaintiff, Jeanette Zinsmeister, is a citizen of the State of Texas.

2. Defendant Walmart Inc. (hereinafter "Walmart") is a Delaware corporation with its principal place of business at 702 S.W. 8th Street #555, Bentonville, Arkansas 72716. Walmart Inc. may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3. Defendant General Electric Company (hereinafter "GE") is a New York corporation with its principal place of business in Massachusetts. GE may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

4.     This Court has jurisdiction over this lawsuit based on diversity of citizenship under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1332 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

5.     At all times relevant herein, General Electric was in the business of designing and distributing into the stream of commerce certain food processors and in fact designed and distributed a GE – Branded 14-cup Food Processor Model #169203 (hereinafter "Food Processor") that caused the Plaintiff to be injured.  General Electric was also the licensor of the Food Processor.

6.     At all times relevant herein, Wal-Mart was in the business of designing, testing, manufacturing, selling and distributing into the stream of commerce certain food processors and in fact designed, tested, sold and distributed the Food Processor that caused Plaintiff's injuries.

7.     At the time the Food Processor was designed, manufactured, sold, or otherwise placed into the stream of commerce, it contained a safety interlock designed to prevent the rotation of the blades if the lid was not properly locked onto the Food Processor.

8.     On or about April 2, 2021, at the Plaintiff's residence in the Western District of Texas, the Plaintiff was using the Food Processor at her residence to blend nuts.  She assembled the Food Processor but noticed that the blade needed to be repositioned.  So, she removed the blade, moved some of the nuts, and then put the blade back on over the Food Processor's drive shaft.  As she put the blade on, the Food Processor turned on and powered the blades.  The blades spun and caused the Plaintiff to sustain severe cuts to her fingers and hand.

## THEORIES OF RECOVERY

### I.  Strict Product Liability

9.     The above captioned paragraphs are incorporated herein as if fully set forth.

10. The Food Processor was not reasonably safe for its foreseeable use due to manufacturing defects and design defects which proximately caused Plaintiff's injuries. The primary manufacturing and design defects known at this time include the Food Processor:

a) Allowing the blades to rotate when the lid was not in place;

b) Not being equipped with a properly functioning safety interlock to prevent the blades from rotating when the lid is not in place; and

c) Failing to meet the requirements of Underwriters Laboratory Standard 982.

11. The Food Processor contained these manufacturing defects and design defects when it was designed, manufactured, sold and otherwise placed into the stream of commerce by General Electric and Wal-Mart. These defects were a proximate cause in causing Plaintiff's harm. The Food Processor did not perform as safely as an ordinary consumer would have expected it to perform when used in a foreseeable way.

12. Also, the Food Processor was defective because the Defendants failed to adequately warn or instruct the Plaintiff of the potential risks of installing the blade in the food processor without the lid to the food processor attached. The risk that blades could start without the lid to the food processor attached was known to the Defendants before the Food Processor was manufactured and sold. Indeed, e-mails between the Defendants as early as 2009 contain statements that the safety interlock was failing and that it was possible for the blades to rotate when the blade is put on. These risks presented a substantial danger when the Plaintiff put on the blade to the food processor. Further, neither the Plaintiff nor any other ordinary consumer would recognize that the blade to the food processor could begin to unexpectedly spin when the blade is installed. The Defendants' failure to warn regarding these hazards was a proximate cause of Plaintiff's harm.

13. A safer alternative design existed that would have prevented or significantly reduced the risk of the Plaintiff's injury and was economically and technologically feasible at the time the Food Processor left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

## II. Negligence

13. The above captioned paragraphs are incorporated herein as if fully set forth.

14. The Defendants owed a duty to the Plaintiff to exercise ordinary care in designing, manufacturing, testing, warning, selling and distributing the Food Processor. Further, the Defendants owed a duty to conduct an adequate recall and\or retrofit campaign after it became aware that the manufacturing and design defects existed in the Food Processor.

15. The Defendants breached this duty by designing, selling, promoting and distributing the Food Processor with dangerous manufacturing and design defects and also by failing to warn the Plaintiff of these defects.  The breach of these duties caused the Plaintiff to sustain injuries and was a proximate cause in causing the Plaintiff's harm. The Defendants also breached this duty by failing to recall and\or retrofit the product when it discovered these defects. These defects were discovered well before the date the Plaintiff was injured. Indeed, the Defendants were aware of many other incidents of the safety interlock malfunctioning and causing injuries to consumers before the Food Processor was sold to the Plaintiff.  Further, before the Food Processor was sold to the Plaintiff, the Defendants had conducted other internal and 3rd party testing demonstrating the failure of the safety interlock device. Despite this, the Defendants failed to recall the Food Processor or retrofit it in a way that fixed the safety interlock device before it was sold to the Plaintiff.

16. The foregoing acts and/or omissions of the Defendants were a proximate cause of Plaintiff's damages.

## DAMAGES

17. The above captioned paragraphs are incorporated herein as if fully set forth.

18. The Food Processor was the proximate cause of Plaintiff's damages. The Defendants are therefore liable for the following damages in excess of $75,000.00, exclusive of interest and costs:

   A. Past and future medical expenses;

   B. Past and future physical pain;

   C. Past and future mental suffering;

   D. Loss of earning capacity;

   E. Permanent injuries;

   F. Physical impairment;

   G. Loss of enjoyment of life;

   H. Punitive damages;

   I. Other damages to be set forth after discovery is completed.

19. The Defendants' actions amounted to gross negligence, malice or fraud. The Defendants knew before they injected the Food Processor into the stream of commerce that it was dangerously defective.

20. Plaintiff demands a jury trial on all issues.

Respectfully Submitted,

*Michael Smith*

Michael C. Smith
State Bar No. 18650410
Scheef & Stone, LLP
113 E. Austin Street
Marshall, Texas 75670
Office: (903) 938-8900
michael.smith@solidcounsel.com


Michael Carr (to appear pro hac vice)
4416 South Harvard Ave.
Tulsa, OK 74135
Office: 918-747-1000
Fax: 918-747-7284
mcarr@carrcarr.com

ATTORNEYS FOR
JEANETTE ZINSMEISTER